IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 8, 2009

## STATE OF TENNESSEE v. RICHARD FERRELL

**Appeal from the Circuit Court for Warren County**
**No. M-11380     Larry B. Stanley, Jr., Judge**

**No. M2009-01175-CCA-R3-CD - January 7, 2010**

After a jury trial, the Defendant, Richard Ferrell, was convicted of driving on a suspended license. The trial court subsequently sentenced the Defendant to a term of six months, with sixty days of the sentence to be served in the county jail followed by supervised probation. In this direct appeal, the Defendant argues that the evidence is insufficient as a matter of law to support his conviction and that the trial court erred by ordering him to serve sixty days in incarceration. Following a review of the sparse record presented on appeal, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

L. Scott Grissom, McMinnville, Tennessee, for the appellant, Richard Ferrell.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and William Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On January 11, 2008, an indictment was filed wherein a Warren County grand jury charged the Defendant with driving on a canceled, suspended, or revoked driver's license, a Class B misdemeanor. See Tenn. Code Ann. § 55-50-504. Following a jury trial, the Defendant was found guilty as charged.

The Defendant has prepared a statement of evidence as contemplated by Rule 24(c) of the Tennessee Rules of Appellate Procedure. The statement of the evidence recites the facts as follows:

The jury trial in this case was held on April 20, 2009 in the Warren County Circuit Court. The State's proof consisted of one (1) witness and one (1) exhibit. The defense called three (3) witnesses and submitted one (1) exhibit.

The State's only witness in this case was Officer Robert Hammond, a patrolman with the McMinnville Police Department. Officer Hammond testified that on October 1, 2007, he was dispatched to an auto accident within the city of McMinnville on Sparta Street. Upon arrival on the scene of the two car accident, it was determined and the Defendant admitted that he was the driver of one of the vehicles. Upon running the Defendant's driver's license, it was determined that it was suspended as of September 18, 2006. During this incident, the Defendant did show the Officer a receipt for driver's license from McMinnville Police Officer Toby Lewis and did tell Officer Hammond that he thought he could drive with the receipt. During Officer Hammond's testimony, a certified copy of the Defendant's Tennessee Department of Safety record showing his license status as suspended was submitted as Exhibit #1.

Officer Toby Lewis with the McMinnville Police Department was called by the defense and testified that he did take the Defendant's license and issued him a receipt. This did occur on September 18, 2006 in the Warren County General Sessions Court and the Defendant's license was taken due to it being suspended. The receipt issued for the license was admitted as Exhibit #2.

Assistant District Attorney Tom Miner was called by the defense and testified that he had asked Officer Lewis to give the Defendant a receipt for his license while they were in General Sessions Court.

The Defendant . . . chose to testify and did confirm that he was driving on October 1, 2007 and was involved in an accident. [The Defendant] testified that he did not have a driver's license at the time of the accident but that he thought he could drive on the receipt that Officer Lewis had issued to him when his license was taken. The Defendant explained that he believed pursuant to Tennessee Code Annotated 55-50-802 he was allowed to drive on

-2-

the receipt. [The] Defendant also testified that at the time of the accident he was "traveling" and not engaged in commerce.

It appears from the judgment form that the sentence was imposed following the jury's verdict on April 20, 2009. There is no transcript of the sentencing proceeding contained in the record. The statement of the evidence does not mention what additional proof, if any, was introduced at sentencing. The trial court imposed a six-month sentence and ordered that the Defendant be placed on supervised probation after he completed service of sixty days in the Warren County jail.

It also appears from the record that the Defendant filed a motion for new trial, challenging the sufficiency of the evidence and the sentence as imposed. A hearing was held on May 27, 2009, and the trial court denied the Defendant's motion. However, once again, there is no transcript or statement as to what transpired during this hearing. The Defendant timely appeals.

## Analysis

### I. Sufficiency of the Evidence

On appeal, the Defendant first challenges the sufficiency of the evidence supporting his conviction for driving on a suspended license. He contends that, because the statute criminalizing driving on a canceled, suspended, or revoked license does not include a culpable mental state, the mens rea of intentionally, knowingly, or recklessly suffices because Tennessee Code Annotated section 39-11-301(c) is applicable. Applying this argument to the case, he argues that the State failed to prove he acted with the culpable mental state to commit the offense because he believed that he could drive with the receipt issued by Officer Toby Lewis and the State was unable to discredit this testimony.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom.  See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599.  A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory.  See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).  Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence.  See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659.  Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact.  See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Here, the Defendant argues that, pursuant to the Tennessee Code Annotated section 55-50-802,[1] he believed he could drive on the receipt that was issued to him when his license was taken due to it being suspended and, therefore, the State did not prove the applicable mental state for the offense.  First, we note that, from the jury charge provided in the record, the trial court did charge to the jury a mens rea of recklessness for the offense, and the jury found the Defendant guilty, as was its prerogative.  Second, the Defendant acknowledges that section 55-50-802 does not apply to him because he was not issued the receipt in lieu of bail or as security for his appearance in court.

We also note that this Court has held that the offense of driving on a suspended license does not require a culpable mental state.  See State v. Corey Gilliam, No. W2007-02401-CCA-R3-CD, 2009 WL 3015122, at *9 (Tenn. Crim. App., Jackson, Sept. 22, 2009); State v. Bobby G. McDonald, No. 02C01-9206-CR-00126, 1993 WL 312698, at *3 (Tenn. Crim. App., Jackson, Aug. 18, 1993).  As pointed out by the State, this Court has previously disposed of this exact argument, reasoning as follows:

---

[1] Section 55-50-802 provides as follows:

> Whenever any person deposits a chauffeur's or operator's license as provided, either the officer or the court demanding bail as described in § 55-50-801 shall issue the person a receipt for the license upon a form approved or provided by the department, and thereafter the person shall be permitted to operate a motor vehicle upon the public highways of this state during the pendency of the case in which the license was deposited.  The receipt shall be valid as a temporary driving permit for a period not less than that provided in § 55-50-726(b), and shall state the period of validity on its face.

In support of this argument, the appellant relies upon Tenn. Code Ann. § 39-11-301(b) and (c) which provides as follows:

> (b) A culpable mental state is required within this title unless the definition of an offense plainly dispenses with a mental element.
>
> (c) If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish culpable mental state.
>
> This section, by its own terms, applies only to offenses set forth in Title 39 of the Code. The offense of driving on a revoked license is in Title 55 of the Code. See Tenn. Code Ann. § 55-50-1504. Therefore, Tenn. Code Ann. § 39-11-301 does not apply to the offense of driving on a revoked license.
>
> Even if Tenn. Code Ann. § 39-11-301 does apply to the offense of driving on a revoked license, that statute plainly dispenses with a mental element. Tennessee Code Annotated § 55-50-504(a) provides that a person who drives a motor vehicle on a public highway at a time when his privilege to do so is cancelled, suspended, or revoked commits a misdemeanor. There is absolutely no requirement that the defendant act with any culpable mental state in order to commit this offense.

McDonald, 1993 WL 312698, at *3.

The State presented evidence at trial that the Defendant's license was suspended on September 18, 2006. It was in this suspended status on October 1, 2007, when the vehicle the Defendant was driving collided with another vehicle. Therefore, the evidence was sufficient to convict the Defendant of driving while his license was suspended.

**II. Sentencing**

Next, the Defendant contends that the trial court erred when it ordered the Defendant to serve sixty days of his six-month sentence in the county jail. Specifically, he submits that to sentence him to sixty days "does not work to deter the violation of the law, but rather deters [the Defendant] exercising his right to a jury trial."

The statement of the evidence does not include any facts as it pertains to sentencing. Here, the Defendant was convicted of a Class B misdemeanor, and the authorized term of imprisonment "is not greater than six (6) months or a fine not to exceed five hundred dollars

($500), or both . . . ." See Tenn. Code Ann. § 40-35-111(e). The trial court in this case ordered a sentence of six months, to be suspended and served on supervised probation following service of sixty days in the county jail. The trial court also ordered a fine of $100.00. This sentence is a valid Class B misdemeanor sentence under section 40-35-111(e).

The record reflects that the trial court imposed the sentence following the jury's guilty verdict. It appears that a presentence report was not ordered. We conclude that the statement of the evidence as provided by the Defendant is insufficient for this Court to conduct an adequate review of the trial court's determination regarding the imposition of his sentence. It does not include any information as to what, if any, factors the trial court considered in sentencing the Defendant. Rule 24(c), Tennessee Rules of Appellate Procedure, states, "The statement [of the evidence] should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." It is the Defendant's obligation to have prepared an adequate record for review. See State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). Accordingly, we must find that the Defendant has waived any consideration of this issue on appeal. See, generally, State v. Jamshid Maghami, No. M2007-01496-CCA-R3-CD, 2008 WL 555709, at *6 (Tenn. Crim. App., Nashville, Mar. 3, 2008) (concluding that, given absence of statement of evidence relating facts considered in consecutive sentencing determination, issue was waived on appeal); State v. Jimmy Daniel Prater, No. M2006-00672-CCA-R3-CD, 2007 WL 152427, at *4 (Tenn. Crim. App., Nashville, Jan. 18, 2007) (concluding that, given absence of record to the contrary, misdemeanor sentencing determination denying total probation was presumed valid (citing State v. Troutman, 979 S.W.2d 271, 274 (Tenn.1998))).

**Conclusion**

For the reasons cited herein, we conclude that the evidence is sufficient to support the Defendant's conviction for driving on a suspended driver's license. We also conclude that the Defendant's challenge to the imposition of his sentence has been waived due to his failure to provide an adequate record for review. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-6-